**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

|  |  |
|---|---|
| STANLEY WHITEMAN,<br><br>Plaintiff,<br><br>v.<br><br>LUKE PARRY ENTERPRISES, LLC, *et. al.*,<br><br>Defendants. | **Civil Action No. 4:25-cv-00007** |

<u>**LUKE PARRY ENTERPRISES, LLC'S ANSWER TO COMPLAINT**</u>

The Defendant, Luke Parry Enterprises, LLC ("LPE"), by counsel, for its Answer to the Complaint filed by Stanley Whiteman, ("Whiteman"), states as follows:

**INTRODUCTION**

The Complaint is based on the false allegation that LPE "owns" all the other Defendant restaurants. (*Complaint* ¶ 15). In fact, LPE has absolutely no ownership interest in any of the other Defendants in this case. Based on the false assumption that LPE owns, or even has any ownership interest in, the other Defendants in this case, Whiteman claims LPE and the entities that he worked for are "joint employers" such that LPE should have "aggregated Whiteman's hours when he worked at different restaurants" that are named as Defendants. Whiteman's claims in this case are based on the allegation that if the hours he worked at different restaurants were aggregated, then he would have been entitled to overtime pay, 401k contributions, and other amounts sought in the Complaint.

However, Whiteman was hired at a specific restaurant and reported to the on-site manager of that restaurant who set his hours. As the Complaint states, if Whiteman wanted to moonlight at

1

a different restaurant, he would have to schedule his hours with the manager of that restaurant. He was not directed to moonlight by LPE. The manager of each Defendant restaurant controlled Whiteman's activities while he was working at that restaurant.

As Whiteman states in his Complaint, he was hired at 8 & 10 West Main Restaurant, LLC, and, on his own volition, sought "moonlighting work" at the independent, separately owned restaurants, each with different owners from the others, and was paid wages by whichever company he worked as a part-time or full-time employee.

## ANSWER TO ALLEGATIONS IN THE COMPLAINT

1. The introduction set forth in ¶ 1 of the Complaint does not call for an answer; however, to the extent it does, LPE adopts the statements in the Introduction above in response.

2. The statements in ¶ 2 of the Complaint do not call for a response. To the extent that they do, LPE denies that the laws listed apply to it and the facts in this case.

3. The statements in ¶ 3 of the Complaint do not call for a response. To the extent that they do, LPE denies that the laws listed apply to it and the facts in this case.

4. The statements in ¶ 4 of the Complaint do not call for a response. To the extent that they do, LPE denies that the laws listed apply to it and the facts in this case.

5. The statements in ¶ 5 of the Complaint do not call for a response. To the extent that they do, LPE denies that the laws listed apply to it and the facts in this case.

6. The allegations in ¶ 6 of the Complaint are admitted.

7. The allegations in ¶ 7 of the Complaint are admitted in part and denied in part. It is admitted that Whiteman was employed as a line-cook (not a chef) and may have performed "front of the house" duties at 8 & 10 West Main Restaurant, LLC, and may have performed these duties

and others when he moonlighted at other restaurants, but LPE denies he was ever a "Regional Kitchen Manager" since, to the knowledge of LPE, that position has never existed.

8.      The allegations in ¶ 8 of the Complaint are admitted.

9.      The allegations in ¶ 9 of the Complaint are denied.

10.      The allegations in ¶ 10 of the Complaint are denied.

11.      The allegations in ¶ 11 of the Complaint are denied.

12.      The allegations in ¶ 12 of the Complaint are admitted in part and denied in part. It is admitted that each restaurant is a separate restaurant owned by unrelated companies and LPE treats them as such. It is denied that LPE has any ownership in the Defendants' restaurants.

13.      The allegations in ¶ 13 of the Complaint are denied.

14.      The allegations in ¶ 14 of the Complaint are admitted.

15.      The allegations in ¶ 15 of the Complaint are admitted in part and denied in part. It is admitted that each of the Defendant restaurants are registered and are separate entities, but it is denied that they are owned by LPE.

16.      The allegations in ¶ 16 are denied.

17.      The allegations in ¶ 17 are denied.

18.      The allegations in ¶ 18 are denied.

19.      The allegations in ¶ 19 are denied.

20.      The allegations in ¶ 20 are denied.

21.      The allegations in ¶¶ 21through and including 41 are not statement of facts, and do not call for a response. To the extent that they do, they are denied.

22.      LPE has no independent knowledge of the allegations in ¶ 42; accordingly, they are denied.

3

23.    LPE has no independent knowledge of what Whiteman claims to know as alleged in ¶ 43 of the Complaint; accordingly, they are denied.

24.    Regarding the allegations in ¶ 44 of the Complaint, LPE denies it ever sought a "regional chef" but admits that the other Defendants looked for and hired line-cooks from time to time.

25.    Regarding the allegations in ¶ 45 of the Complaint, it is admitted that managers of the restaurants determine what line-cooks cook at their restaurants.

26.    Regarding the allegations in ¶ 46 of the Complaint, LPE admits only that Whiteman was hired by 8 & 10 West Main Street, LLC.

27.    The allegations in ¶ 47 of the Complaint are admitted.

28.    LPE has no independent knowledge of the allegations in ¶ 48 of the Complaint; accordingly, they are denied.

29.    LPE has no independent knowledge of the allegations in ¶ 49 of the Complaint; accordingly, they are denied.

30.    Regarding the allegations in ¶ 50 of the Complaint, LPE admits that employees of one of the Defendant restaurants may have worked at other Defendant and non-Defendant restaurants based on the needs of the managers of those restaurants. All other allegations are denied.

31.    The allegations in ¶ 51 of the Complaint are admitted.

32.    The allegations in ¶ 52 of the Complaint are denied.

33.    The allegations in ¶ 53 of the Complaint are denied.

34.    The allegations in ¶ 54 of the Complaint are denied.

35.    The allegations in ¶ 55 of the Complaint are denied.

4

36.    The allegations in ¶ 56 of the Complaint are denied.

37.    The allegations in ¶ 57 of the Complaint are denied.

38.    The allegations in ¶ 58 of the Complaint are denied.

39.    The allegations in ¶ 59 of the Complaint are denied. LPE affirmatively states that it never issued paychecks to Whiteman, and he was always paid by the company that employed him.

40.    Regarding the allegations in ¶ 60 of the Complaint, it is admitted that Whiteman may have worked at restaurants other than 8 & 10 West Main Restaurants, LLC, but it is denied that he was entitled to overtime-based work at two separately owned companies.

41.    Regarding the allegations in ¶ 61 of the Complaint, they are denied. LPE never paid Whiteman for services he rendered to independent companies, and he never was employed by LPE.

42.    The allegations in ¶ 62 of the Complaint are denied.

43.    The allegations in ¶ 63 of the Complaint are denied.

44.    LPE has no independent knowledge of the allegations in ¶ 64 of the Complaint and, therefore, denies them.

45.    Regarding the allegations in ¶ 65 of the Complaint, LPE admits that Paychex handled payroll for most, if not all, of the Defendants.

46.    Regarding the allegations in ¶ 66 of the Complaint, LPE admits that the manager of each restaurant determined, in their discretion, whether to hire Whiteman to work at their restaurant and that the companies that hired Whiteman issued W-2s related to the wages Whiteman was paid. All other inferences and allegations in this paragraph are denied.

47.    Regarding the allegations in ¶ 67 of the Complaint, LPE admits only that each restaurant is a separate legal entity, were treated as such, and that hours were not aggregated between them.

48.    Regarding the allegations in ¶ 68 of the Complaint, according to the records of each individual company where Whiteman worked: it is admitted Whiteman worked the number of hours alleged at 8 & 10 West Main Restaurant, LLC (Salem) and denied that he worked the number of hours alleged at 416 Restaurant LLC (Tucos).

49.    Regarding the allegations in ¶ 69 of the Complaint, LPE denies that Whiteman's hours were required to be aggregated or that he was entitled to overtime based on hours combined at different company employers.

50.    Regarding the allegations in ¶ 70 of the Complaint, LPE denies that Whiteman's hours were required to be aggregated or that he was entitled to overtime based on hours combined at different companies that employed him.

51.    The allegations in ¶ 71 of the Complaint are unknown to LPE; accordingly, they are denied.

52.    Regarding the allegations in ¶ 72 of the Complaint, LPE was not a party to the alleged conversation recited but admits that the statements are correct.

53.    Regarding the allegations in ¶ 73 of the Complaint, according to the records of each individual company where Whiteman worked: a(i) is admitted; a(ii) is denied; a(iii) is denied; a(iv) is denied; a(v) is denied; b(i) is admitted; b(ii) is admitted; b(iii) is admitted; b(iv) is denied; b(v) is denied; c(i) is denied; c(ii) is denied; c(iii) is denied; c(iv) is denied; c(v) is denied.

54.    Regarding the allegations in ¶ 74 of the Complaint are denied.

55.     Regarding the allegations in ¶ 75 of the Complaint, it is denied that Whiteman was ever "required to do moon-light" work at an unrelated restaurant.

56.     Regarding the allegations in ¶ 76 of the Complaint, LPE admits that if Whiteman moonlighted at another restaurant owned by a different entity, common sense dictates that he would have to clock-out from one employer and then drive to the second job location and clock-in.

57.     Regarding the allegations in ¶ 77 of the Complaint, LPE admits that Whiteman was not paid to drive to his second job location by either his principal employer or his second job employer.

58.     LPE does not have independent knowledge of the conversation referred to in ¶ 78 of the Complaint and, therefore, denies the allegations.

59.     Regarding the allegations in ¶ 79 of the Complaint, according to the records of the individual separate entities that employed Whiteman: a(i) is admitted; a(ii) is admitted; a(iii) is denied; b(i) is admitted; b(ii) is admitted; b(iii) is denied; c(i) is admitted; c(ii) is admitted; c(iii) is denied; d(i) is admitted; d(ii) is denied; d(iii) is denied; e(i) is admitted; e(ii) is denied; e(iii) is denied; f(i) is admitted; f(ii) is denied; f(iii) is denied; f(iv) is denied; f(v) is denied; f(vi) is denied; g(i) is denied; g(ii) is admitted; and g(iii) is denied.

60.     The allegations in ¶ 80 of the Complaint are denied.

61.     Regarding the allegations in ¶ 81 of the Complaint, it is unclear to LPE who Whiteman complained to, so those allegations are denied.

62.     Regarding the allegation in ¶ 82 of the Complaint, LPE denies there was ever a position of "regional chef" in its organization or among the separately owned restaurants listed as Defendants in this case; accordingly, the allegation is denied.

7

63.     The allegations in ¶ 83 of the Complaint are denied.

64.     The allegations in ¶ 84 of the Complaint are denied.

65.     The allegations in ¶ 85 of the Complaint are denied.

66.     The allegations in ¶ 86 of the Complaint are denied.

67.     The allegations in ¶ 87 of the Complaint are admitted because they were not required to be aggregated.

68.     Regarding the allegations in ¶ 88 of the Complaint, LPE denies them, based on the records of the restaurants where Whiteman worked, that his hours were miscalculated.

69.     The allegations in ¶¶ 89-98 of the Complaint are denied.

70.     The allegations in ¶ 99 of the Complaint are admitted in part and denied in part. It is admitted that Whiteman's pay was not changed, and it is denied that it was required to be changed.

71.     The allegations in ¶ 100 of the Complaint are denied. LPE affirmatively states that it never issued paychecks to Whiteman, and he was always paid by the company that employed him.

72.     The allegations in ¶ 101 of the Complaint are denied.

73.     Regarding the allegations in ¶¶ 102 – 108 of the Complaint, they are unknown to LPE and therefore are denied.

74.     Regarding the allegations in ¶ 109 of the Complaint, LPE asserts that no one at LPE had the authority, apparent or express, to "pay anyone under the table" and Whiteman knew or should have known that. Those allegations are denied.

75.     LPE has no direct knowledge of the allegations in ¶¶ 110-116 of the Complaint; accordingly, they are denied.

76.    The allegations in ¶ 117 of the Complaint are denied.

77.    Regarding the allegations in ¶ 118 of the Complaint, LPE affirmatively states that it did not ever hire Whiteman as its employee and, therefore, would not have agreed to pay him any amounts for PTO or any other claim. The allegations are denied.

78.    Regarding the allegations in ¶ 119 of the Complaint, LPE affirmatively states that it did not ever hire Whiteman as its employee and, therefore, would not have agreed to pay him any amounts towards a 401k plan. The allegations are denied.

79.    Regarding the allegations in ¶¶ 120 – 123, LPE admits that it has a 401k plan for its employees and matches employees' contributions within stated limits. However, LPE denies that Whiteman was an employee of LPE and, therefore, was not entitled to 401k matches within the stated limits.

80.    The allegations in ¶¶ 124 – 175 of the Complaint are denied for the reasons stated in the answers provided herein.

**AFFIRMATIVE DEFENSES**

81.    Count V of the Complaint does not clearly identify what Whiteman alleges, the retaliatory acts that LPE committed, and when they were allegedly committed. Accordingly, LPE asserts the Statute of Limitations Defense to Count V.

82.    Any claim for liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216, is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 260, as LPE was at all times acting in good faith and had reasonable grounds for believing that its actions were not in violation of the Fair Labor Standards Act.

83.    LPE acted in good faith in dealing with Whiteman and did not knowingly, willfully, or otherwise violate the FLSA or VWPA.

84.    To the extent liability is established, LPE's conduct is not willful and, therefore, Whiteman's claims are subject to a two-year statute of limitations pursuant to 29 U.S.C. § 255(a).

85.    Some or all of Whiteman's claims are barred to the extent that Whiteman is seeking compensation for time which is non-compensable and/or non-working time.

86    To the extent that Whiteman has failed to exhaust his administrative remedies under ERISA, his claim is barred.

87.    All or part of Whiteman's causes of action are preempted by the Employment Retirement Income Security Act. 29 U.S.C. § 1001 et seq.

WHEREFORE, LPE Enterprises, LLC, moves the Court to enter judgment in its favor, dismiss the Complaint, and grant it such further relief as the Court may deem proper and just.

Dated: March 7, 2025.                           LUKE PARRY ENTERPRISES, LLC,

By  /s/  Bruce E. Arkema
Bruce E. Arkema, Esquire (VSB #18625)
Durrette, Arkema, Gerson & Gill PC
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
Tel:    (804) 775-6900
Fax:    (804) 775-6911
barkema@dagglaw.com

10

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send a notification of such filing (NEF) to:

Christopher E. Collins, Esquire
Mia Yugo, Esquire
Dylan Craig, Esquire
Yugo Collins, PLLC
25 Franklin Road, SW
Roanoke, Virginia  24001
chris@yugocollins.com
mia@yugocollins.com
dylan@yugocollins.com
*Counsel for Stanley Whiteman*

Additionally, on March 7, 2025, I also hand-delivered a true and accurate copy of *Luke Parry Enterprises, LLC's Answer to Complaint* to:

Lindsey S. Komisin, Esquire
Isler Dare, PC
1111 East Main Street, Suite 1605
Richmond, Virginia 23219
lkomisin@islerdare.com
*Counsel for Restaurant Defendants*

*/s/ Bruce E. Arkema*
Bruce E. Arkema, Esquire (VSB #18625)
Durrette, Arkema, Gerson & Gill PC
1111 East Main Street, 16th Floor
Richmond, Virginia  23219
Tel:    (804) 775-6900
Fax:    (804) 775-6911
barkema@dagglaw.com

11